## SHORTSLEEVES v. CAPITAL TRACTION CO.

### No. 5380.

Court of Appeals of District of Columbia.
Argued March 10, 1932.
Decided April 4, 1932.

Fred B. Rhodes, of Washington, D. C., for appellant.

Edmund L. Jones, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

GRONER, Associate Justice.

We shall speak of the parties as they were below.

The action was to recover damages for personal injury sustained in November, 1927, at the intersection of Seventeenth street and Pennsylvania avenue in the city of Washington. The defendant operates a street railway system, and at the point in question maintains tracks on both Pennsylvania avenue and Seventeenth street. Plaintiff was injured as he was crossing from the west to the east side of Seventeenth street. His account of the accident is that when he reached the middle of the street, there was a north-bound car standing on the track and obstructing his passage. He thereupon started to walk around the rear end of the car rather than the front end. The distance between the north-bound and the south-bound tracks at the point in question is about four feet. To go around the rear end of the car involved walking in a southerly direction between the tracks. When he had got about one-half the length of the north-bound street car, he heard a noise and turned and saw another car moving rapidly in a southerly direction so that it was impossible for him to get around to the rear of the north-bound car, but as he hurried in an effort to do so, the swing of the north-bound car, which in the meantime had begun to move, as it turned easterly into Pennsylvania avenue struck him and pushed him in front of the moving south-bound car, as a result of which he was knocked approximately 10 feet to the east of the north-bound track.

The defendant's version is that the south-bound car, as it turned from Pennsylvania avenue into Seventeenth street, was being operated at a speed of 4 or 5 miles an hour,

and, while the car was turning, the motorman, noticing the plaintiff about 15 feet away crossing the track from west to east, rang the bell and stopped the car so that its front vestibule was overlapping the front vestibule of the north-bound car, which was also then at a standstill. The plaintiff thereupon started to walk between the two cars in a northerly direction toward the front of the north-bound car, but before he could reach the front of that car, it had started, and, as it swung into Pennsylvania avenue, the rear end struck the plaintiff causing him to fall against the standing south-bound car.

At the conclusion of the evidence, the court inquired of counsel for the plaintiff as to his contention with relation to which of the two cars struck plaintiff, and counsel replied: "Our contention is he was struck by the southbound car. There is no question about that; the testimony is clear that he was struck by the southbound car while it was in motion." The court, at the request of counsel for the defendant, then gave the following instruction: "The plaintiff charges in his declaration that his injuries were caused by his being struck by the southbound car of the defendant company while the said car was in motion, and unless the plaintiff establishes this fact, by a preponderance of the evidence, then your verdict must be for the defendant." To the giving of this instruction counsel for the plaintiff objected and excepted, though the ground of the objection is not shown in the record, and it is not quite clear to us, in view of the commitment of counsel, precisely what the objection was. The giving of the instruction is the sole ground alleged as error.

The instruction given undoubtedly narrowed the issue but, in the circumstances, we do not think improperly. But even if we are mistaken in this respect, the error, if any, was the result of an election by plaintiff's counsel to go to the jury on this single point. In such circumstances, it would be unfair to allow the party whose admission caused the error to take advantage of it. See Oscanyan v. Winchester Repeating Arms Co., 103 U. S. 261, 263, 26 L. Ed. 539. In that case, the Supreme Court said: "Any fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure equally as if established by the clearest proof."

But we have no need here to apply the rule, because a careful examination of the evidence convinces us that there are only two possible theories upon which a verdict for the plaintiff could properly have been re-turned—one, the negligence in the operation of the south-bound car, which was plaintiff's theory and which involved convincing the jury that the negligence consisted in running the car down on him as he was endeavoring to pass around the rear of the north-bound car. This theory was fairly submitted to the jury on the charge given, including the instruction objected to, and was rejected by the jury in the verdict for the defendant; the second, that, notwithstanding the south-bound car was brought to a stop before the accident, its negligent operation put plaintiff in a position of danger resulting in his being pushed by the north-bound car into the south-bound car, and thus sustaining the injury. The trouble about this theory is that there is no evidence to sustain it. Plaintiff's own testimony is directly contradictory of the happening of the accident in this way, and the evidence for the defendants is that the south-bound car stopped some 15 feet away from plaintiff, and that plaintiff thereupon turned in a northerly direction and walked toward it and between it and the other car when the movement of the north-bound car threw him against the side of the one bound south. He alleges no negligence as to the operation of the north-bound car, and the evidence shows none, so that a verdict predicated upon the negligent operation of the south-bound car in conjunction with the negligent operation of the north-bound car was not only not alleged, but is not sustained by any proof.

In these circumstances, if there was error it was harmless.

Affirmed.